# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH CLINARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-00806-TWP-DML |
| | ) | |
| VISIO FINANCIAL SERVICES INC. also | ) | |
| known as VISIO LIMITED; also known as | ) | |
| VISIO LENDING, ECONOHOMES, and | ) | |
| CRYSTAL MCDADE. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on several pending motions. The dispute in this matter surrounds *pro se* Plaintiff, Joseph Clinard's ("Clinard") allegation that Defendant, Visio Financial Services Inc., Visio Limited; also known as Visio Lending, and Econohomes [1] (collectively "Visio"), committed fraud and other acts which resulted in improper foreclosure of his real estate located in Greenwood, Indiana. Clinard also alleges that the "loan closer," Crystal McDade ("McDade"), committed theft and perjury. On August 31, 2015, Clinard filed an amended complaint seeking relief from the Defendants on five state law claims; Count I: Providing an Unlicensed Mortgage Services, Count II: Theft, By Deception, Count III: Perjury, Count IV: Fraud and Count V: Slander Of Title. (Filing No. 26.) Visio filed a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Filing No. 32). On October 30, 2015, Defendant McDade filed a motion to dismiss the theft and perjury counts filed against her, raising nearly identical arguments. (Filing No. 50.) For his part, on September 11, 2015, Clinard filed a Motion

---

[1] In its motion to dismiss, Defendant Visio Financial Services indicated that Econohomes LLC is "not a separate entity form Visio". (Filing No. 33 at 1 n.1.)

for Summary Judgment (Filing No. 36).   For the reasons below, the Court grants the Defendants'

motions to dismiss in part; and denies as moot Clinard's motion for summary judgment.

## I.  <u>LEGAL STANDARD</u>

Subject to esoteric exceptions, "[a] federal court may exercise jurisdiction where: 1) the

requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises

under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331."

*Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A

case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory

or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of

Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension

Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the

party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v.

FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Under Fed. R. Civ. P. 12(b)(1), a claim should be dismissed if the federal court lacks

jurisdiction over the subject matter of the claim.  *See Hay v. Ind. State Bd. of Tax Comm'rs,* 312

F.3d 876, 879 (7th Cir. 2002) ("[j]urisdiction is the power to declare law, and without it the federal

courts cannot proceed.").  A court ruling on a Rule 12(b)(1) motion to dismiss must accept as true

all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff.

*Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993).  However, where a party raises

a factual question concerning jurisdiction, the district court is not bound to accept as true the

allegations of the complaint which tend to establish jurisdiction." *Grafon Corp. v. Hauserman,*

602 F.2d 781, 783 (7th Cir. 1979).  In such circumstances, the district court may properly look

beyond the jurisdictional allegations of the complaint and view whatever evidence has been

2

submitted to determine whether subject matter jurisdiction exists. *Id.* The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003).

## II. DISCUSSION

The Defendants are correct that Clinard failed to properly assert subject matter jurisdiction as he did not adequately allege federal question jurisdiction in his amended complaint. Indeed, in his nine-page amended complaint, the only federal support that Clinard cites is a passive mention of "the Frank Dodd Act, HOEPA". (*See* Filing No. 26 at 5.) However, Clinard fails to allege any facts to provide a plausible claim for relief under those statutes. While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, while this Court lacks federal question jurisdiction, in his supplemental jurisdiction statement, (Filing No. 62), Clinard successfully alleged diversity jurisdiction. The Court recognizes that the supplemental jurisdiction statement was not filed until March 23, 2016, well after the motions to dismiss were filed, however, leave was granted and the Court has accepted the supplemental jurisdictional statement as timely filed. Accordingly, the Court finds subject matter jurisdiction over Clinard's claims.

In the alternative, Defendants seek to dismiss this case under the doctrine of abstention, because there is a pending foreclosure case in state court, which the Defendants contend is parallel to Clinard's federal case. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to

the duty of a District Court to adjudicate a controversy properly before it." *Colo. River Water Conservation Dist. v. United States* ("*Colorado River*"), 424 U.S. 800, 813 (1976). Pursuant to *Colorado River*, a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote "wise judicial administration". *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) ("[t]he primary purpose of the Colorado River doctrine is to conserve both state and federal judicial resources and prevent inconsistent results").

To determine whether a stay or dismissal is appropriate in the context of concurrent federal-state jurisdiction, the Court must first determine whether the state and federal court actions are parallel. *Id.* If the federal and state court actions are parallel, "the court must decide whether abstention is proper by carefully weighing ten non-exclusive factors." *Id.* These factors include, the following:

(1) whether the state has assumed jurisdiction over property;
(2) the inconvenience of the federal forum;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which jurisdiction was obtained by the concurrent forums;
(5) the source of governing law, state or federal;
(6) the adequacy of state-court action to protect the plaintiff's rights;
(7) the relative progress of state and federal proceedings;
(8) the presence or absence of concurrent jurisdiction;
(9) the availability of removal; and
(10) the vexatious or contrived nature of the federal claim.

*Id.*

Here, the Court considers the state foreclosure case to be parallel to Clinard's federal case. For a state court case to be parallel to a federal court case under the *Colorado River* doctrine, there must be a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *Id.* at 1018. The cases need not be identical to fulfill the requirement of parallelism, but the court must examine whether substantially the same parties are contemporaneously

4

litigating substantially the same issues in another forum. *Id.* at 1018-19. The court should also examine whether the cases raise the same legal allegations or arise from the same set of facts. *Id.* at 1019.

Clinard's federal claims arise from the same set of facts as Defendant Visio's state court case. On December 5, 2013, Visio filed a complaint to foreclose a land installment contract against Clinard in Johnson County, Superior Court 4, under case number 41D03-1312-MF-000546. Clinard does not dispute that Visio's state case seeks to foreclose the same property at issue in his federal amended complaint, specifically, the real property located at 793 Sable Creek Lane, Greenwood, Indiana 46142. ([Filing No. 26 at 2](#).) Additionally, Clinard does not dispute that the two cases involve the same contract transaction. For example, in his amended complaint, Clinard identified "documents" that "were provided at closing on June 7, 2013" wherein he provided "$46,505.50 in total . . . towards the $126,000.00 home". (*Id.*) Clinard does not deny that these are the same documents at issue in Visio's state case.

In addition, entry of a final order in the state-court proceeding will substantially, if not fully, resolve the remaining claims in this case. Several of Clinard's claims in this case challenge the Defendants' ability to foreclose on the real property in dispute. For instance, among other things, Clinard asserts that the mortgage on the property was obtained by the Defendants without a license and that the documents underlying the sale were fraudulent.[2] (*See* [Filing No. 26](#).) Several district courts within the Seventh Circuit have concluded, under similar circumstances, that when defendants in a state court foreclosure proceeding attempt to litigate defenses to foreclosure in federal court, the proceedings are parallel. *See, e.g.*, *Schuller v. Am.'s Wholesale Lender*, No. 14

---

[2] In addition, although Clinard's claims are not currently pending in the state court case, the Defendants assert that Clinard's claims against Visio are compulsory counter-claims and that Clinard can join Ms. McDade as a Defendant in the state case.

5

C 4097, 2015 WL 5316413, at *5 (N.D. Ill. Sept. 9, 2015) ("[t]he central issue in both cases, and the issue on which plaintiff's remaining claims are premised, is whether [the federal defendant] has the right to foreclose on plaintiff's home based on the mortgage securing the debt"); *Smith v. Bank of Am., N.A.*, No. 14 C 1041, 2014 WL 3938547, at *3 (N.D. Ill. Aug. 12, 2014) ("all of [the federal plaintiff's] claims in this lawsuit arise out of Defendant's purportedly 'illegal' state court foreclosure action". . . "an entry of judgment of foreclosure . . . in the state case . . . will thus dispose of the sole basis for all of [the federal plaintiff's] claims").   Accordingly, the Court concludes that the two cases are parallel.

In making a determination regarding abstention, courts are advised that none of the ten non-determinative factors are determinative.  *Freed*, 756 F.3d at 1018.   Instead, the factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989).   In this regard, the Court notes that the state has assumed jurisdiction over the property in the state court foreclosure case, satisfying the first factor.  In addition, the third factor, the desirability of avoiding piecemeal litigation, weighs strongly in favor of abstention given that Clinard's claims are likely to be substantially or fully resolved by the foreclosure case. *See LaDuke*, 879 F.2d at 1560 ("[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results").  This Court and the state court are considering the same issue, the Defendants' rights with respect to the subject property, which could potentially result in "a duplication of time and effort and the potential for gamesmanship and conflicting rulings". *Schuller*, 2015 WL 5316413, at *5.

Factors four and seven also favor abstention.  The Defendants filed the state court case about a year and five months before Clinard filed his federal case, and the parties' note that the

state court case advanced to the discovery stage several months ago.  Likewise, factors five and six, the source of governing law and the adequacy of state-court action to protect the federal plaintiff's rights, also favor abstention.  The state foreclosure case and Clinard's claims in this case are matters related to Indiana mortgage-foreclosure law; and the federal Court has no reason to question the adequacy of the state court to protect Clinard's rights.  The remaining factors are neutral.  Because the majority of the enumerated factors favor abstention, the Court concludes that abstention under *Colorado River* is appropriate on the claims in Clinards' Amended Complaint pending resolution of the state court action.

The Defendants have urged the Court to dismiss Clinard's Amended Complaint pursuant to Rule 12(b)(1), however, the Court must stay Clinard's claims rather than dismiss them.  *See Montano v. City of Chi.*, 375 F.3d 593, 602 (7th Cir. 2004) ("the appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay, not a dismissal").

Because the Court has determined that exceptional circumstances warrant a stay of Clinard's claims in this case, the Court also denies as moot Clinard's summary judgment motion. Should his claims survive the state court foreclosure case, after the stay is lifted, Clinard may refile his motion for summary judgment.

### III.  CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss  (Filing No. 32; Filing No. 50) are **GRANTED** insofar as they request that the Court abstain from exercising jurisdiction over Clinard's claims pursuant to the *Colorado River* abstention doctrine. As the Seventh Circuit requires, these proceedings are **STAYED** pending the resolution of the state court case.  As a result, the Court also **DENIES AS MOOT** Clinard's motion for summary judgment.  (Filing No.

36.)  The parties are **directed** to notify the Court within seven days of completion or final order in the state court case.

      **SO ORDERED.**

      Date: 05/05/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH  CLINARD
793 Sable Creek Lane
Greenwood, IN 46142

Sarah E. Willms
MANLEY DEAS KOCHALSKI LLC
sew@mdk-llc.com

Stephanie Ann Reinhart
MANLEY DEAS KOCHALSKI LLC
sar@manleydeas.com